IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KHALID MOHAMMAD,

    Plaintiff,

vs.                                                           1:16-cv-00776-JCH-LF

ALBUQUERQUE POLICE DEPARTMENT,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on defendant Albuquerque Police Department's Motion to Dismiss Plaintiff's Complaint with Prejudice, filed on July 12, 2016, and fully briefed on August 5, 2016. Docs. 8, 12, 15, 16. Having reviewed the submissions of the parties and the relevant law, I find that the motion is well taken in part and recommend that the Court grant the motion in part and deny it in part. I also recommend that Albuquerque Police Department Officers Gil Vovigio and Daniel Yurcisin be added to the caption as defendants.

**I.**    **Background Facts[1] and Procedural Posture**

Khalid Mohammad initiated this lawsuit in the Second Judicial District Court for the State of New Mexico, naming the Albuquerque Police Department ("APD") as the sole defendant. Doc. 1-1 at 1. In the body of his complaint, Mr. Mohammad alleges that on August 6, 2013, he was detained by a Walmart loss prevention employee, Renee Gonzales, who reported to APD Officer Gil Vovigio that she had observed Mr. Mohammad shoplifting on the store's closed-circuit video surveillance system. *Id*. at 3; Doc. 8 at 3 (identifying Officer Gil Vovigio). Officer Vovigio issued a no trespass notice to Mr. Mohammad along with a citation for him to

---

[1] The background facts are derived from Mr. Mohammad's complaint and are taken as true for the purposes of APD's motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

appear in the Metropolitan Court.  Doc. 1-1 at 3.  Officer Vovigio further notified Mr. Mohammad that "a warrant for [his] arrest will issue as a direct result of [his] departure from the city of Albuquerque prior to a disposition of the shoplifting charge . . . ."  *Id*.  APD never prosecuted Mr. Mohammad for shoplifting.  *Id*. at 4.

On November 14, 2014, Mr. Mohammad filed a civil lawsuit in the Metropolitan Court against APD, Officer Vovigio, Walmart, and Gonzales ("Metro Court lawsuit").  *Id*.  As part of his lawsuit, Mr. Mohammad filed a motion asking the court to issue a *subpoena duces tecum* for a copy of the Walmart video surveillance recordings.  *Id.*  On January 10, 2015, the day after filing his motion, APD Officer Daniel Yurcisin arrested Mr. Mohammad and threatened to imprison him until he pled guilty to the Walmart shoplifting charge.  *Id*.  When Mr. Mohammad denied that he was shoplifting at Walmart, Officer Yurcisin imprisoned Mr. Mohammad in the Metropolitan Detention Center ("MDC").  *Id*.  On March 6, 2015, while Mr. Mohammad was incarcerated at MDC, Metropolitan Court Judge Fitzwater dismissed his Metro Court lawsuit for his failure to appear.  *Id*.  On February 24, 2016, almost a year after his lawsuit was dismissed, Mr. Mohammad was released from MDC without having been prosecuted.  *Id*.

In the section of his complaint entitled "Cause of Action," Mr. Mohammad states that he is bringing a cause of action against APD for the actions of Vovigio.  Specifically, he alleges, "APD is sued for [Vovigio's] act to detain and imprison the plaintiff on August 6, 2013 and continue the plaintiff's imprisonment, indefinitely, without prosecuting the plaintiff."  *Id*. at 5.  He does not specifically state a claim against Officer Yurcisin in this section.

APD moves to dismiss Mr. Mohammad's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Doc. 8.  Specifically, APD contends that Mr. Mohammad's complaint must be dismissed because it is not a suable entity under § 1983.  APD

further contends that Mr. Mohammad's claims pursuant to the New Mexico Tort Claims Act ("NMTCA") should be dismissed for his failure to comply with the notice provisions, and because his claims are time-barred.

## II. Motions to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court has articulated a two-step approach for district courts to use when considering a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a court must identify the adequately pleaded factual allegations contained in the complaint, disregarding any legal conclusions in the process. *Id.* at 678. While a complaint need not include detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully harmed-me accusation." *Id.*

Next, having identified the adequately pleaded facts, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Stated concisely, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556). In making this determination, the court views the complaint in the light most favorable to the plaintiff. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013); *see also Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (Court should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same.").

In this case, Mr. Mohammad fails to state a claim against APD because APD is not a suable entity under § 1983. Further, Mr. Mohammad's claims against APD under the NMTCA fail because he did not comply with the notice provisions and his claims are time-barred.

### III. Discussion

#### A. APD is not a suable entity.

In the instant motion, APD seeks dismissal of Mr. Mohammad's complaint because it is not a suable entity. Mr. Mohammad alleges that APD is a law enforcement agency for the City of Albuquerque. Doc. 1-1 at 2. Administrative departments of municipalities—such as law enforcement agencies—lack legal identities apart from the municipality itself. As such, they are not suable entities, and claims against them are subject to dismissal under FED. R. CIV. P. 12(b)(2). *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 274 n.1 (10th Cir. 2002) (unpublished) ("The district court properly relied on an unpublished decision from this court holding that the Albuquerque Police Department lacks a legal identity apart from the City of Albuquerque."); *Biehl v. Salina Police Dep't*, 256 F. App'x 212, 215 (10th Cir. 2007) (unpublished) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)); *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, *2 (10th Cir. 1992) (unpublished); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("[L]ocal government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities.") (citing *Brandon v. Holt,* 469 U.S. 464, 472 and n. 21 (1985)), *aff'd*, No. 92-1134, 1993 WL 33875, at *3 (10th Cir. 1993). Accordingly, courts in this district have consistently held that APD is not a suable entity. *See Howard v. City of Albuquerque*, No. 91cv1019 JC/WWD (D.N.M. July 12, 1991); *Atencio v.*

*City of Albuquerque*, No. 91cv57 SC (D.N.M. Aug. 27, 1991); *Flores v. City of Albuquerque*, No. 92cv46 LH/LFG (D.N.M. May 28, 1993); *Romeo v. City of Albuquerque*, No. 94cv832 JP/LFG (D.N.M. Oct. 4, 1994); *Gonzales v. Morrow*, No. 93cv1216 LG/WWD (D.N.M. Oct. 25,1994); *Diaz v. Second Judicial Dist. Court*, No. 00cv0700 JC/DJS, (D.N.M. Aug. 1, 2001); *Maxwell v. City of Albuquerque Police Dep't, et al.*, No. 02cv568 LH/LFG (D.N.M. Dec. 30, 2002); *Costales v. Schultz*, No. 07cv827 MV/ACT (D.N.M. Nov. 13, 2009); *Shams-Avari v. Albuquerque Police Department*, No. 14cv832 GBW/KK (D.N.M. Nov. 14, 2014); *Castillo v. Las Cruces Police Department*, No. 14cv407 MV/LF (D.N.M. June 25, 2015).  Thus, Mr. Mohammad's claims under § 1983 against APD must be dismissed because APD is not a suable entity.

### B.  Plaintiff's claims under the New Mexico Tort Claims Act

"The Tort Claims Act shall be the exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act . . . ."  N.M. STAT. ANN. § 41-4-17(A).  APD argues that Mr. Mohammad's claims under the NMTCA fail because he did not comply with the NMTCA's notice requirement, and because his claims are time-barred under the NMTCA's two-year statute of limitations.  Doc. 8 at 5–6.

#### 1.  Notice requirement under the NMTCA

The NMTCA provides:

> A.  Every person who claims damages from the state or any local public body under the Tort Claims Act shall cause to be presented to the risk management division for claims against the state, the mayor of the municipality for claims against the municipality, the superintendent of the school district for claims against the school district, the county clerk of a county for claims against the county, or to the administrative head of any other local public body for claims against such local public body, within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury.

N.M. STAT. ANN. § 41-4-16(A).  The purpose of a notice requirement is to enable the public entity being sued to investigate the matter, and to consider whether to pay the claim or refuse it. *See Mata v. Anderson*, 685 F. Supp. 2d 1223, 1253 (D.N.M. 2010) (citing *Martinez v. City of Clovis,* 1980-NMCA-078, ¶ 14, 95 N.M. 654, 657), *aff'd,* 635 F.3d 1250 (10th Cir. 2011).  When a plaintiff has failed to notify the public entity within 90 days of an occurrence giving rise to a claim, the Court does not have jurisdiction to consider the suit.

> No suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state or any local public body unless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence.  The time for giving notice does not include the time, not exceeding ninety days, during which the injured person is incapacitated from giving the notice by reason of injury.

N.M. STAT. ANN. § 41-4-16(B).  In his response, Mr. Mohammad does not assert, or provide any evidence, that he complied with the notice provisions of the NMTCA, or that APD had actual notice that litigation was likely to ensue.  *See Powell v. New Mexico State Highway & Transp. Dep't*, 1994-NMCA-035, ¶ 8, 117 N.M. 415, 418 ("Actual notice to the governmental entity involves actual notice that litigation is likely to ensue, not simply actual notice of the occurrence or accident.").  Accordingly, the Court does not have jurisdiction to consider Mr. Mohammad's claims under the NMTCA against APD.

On the other hand, the plain language of N.M. STAT. ANN. §§ 41-4-16(A) and 16(B) does **not** require a notice when the suit is against an individual public employee.  "The written notice requirements of Section 41-4-16(A) do not apply to claims against public employees." *Dutton v. McKinley County Bd. of Comm'rs,* 1991-NMCA-130,¶ 12, 113 N.M. 51, 54 (citing *Martinez,* 1980-NMCA-078, ¶ 9).

> [M]erely because [the employee defense and indemnification provision] imposes upon the governmental entity for which the employee works the

> obligation to provide a defense to its employee and pay any settlement or judgment reached, it does not convert a public employee . . . into a local public body, a governmental entity, or the state or state agency [for purposes of the notice provision].

*Niederstadt v. Town of Carrizozo*, 2008-NMCA-053, ¶ 20, 143 N.M. 786, 790 (quoting *Martinez* 1980-NMCA-078, ¶ 9) (brackets in original). The notice provisions, therefore, do not apply to Officers Vovigio and Yurcisin, individually.

### 2. Statute of Limitations under the NMTCA

Section 41-4-15 requires that a suit seeking relief under the NMTCA be filed within two years of the occurrence of the event causing the injury. N.M. STAT. ANN. § 41-4-15(A) ("Actions against a governmental entity or *a public employee* for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death . . . .") (emphasis added), *held unconstitutional on other grounds as recognized by Jaramillo v. Heaton,* 2004-NMCA-123, 136 N.M. 498, 100 P.3d 204. Although the notice provisions of the NMTCA do not apply to the officers individually, the limitations period does apply. *See id.*

Mr. Mohammad alleges that Officer Vovigio issued a no trespass notice and a citation to appear in Metropolitan Court. Doc. 1-1 at 3. He also alleges that Officer Vovigio told him that "a warrant for the plaintiff's arrest will issue as a direct result of plaintiff's departure from the city of Albuquerque prior to a disposition of the shoplifting charge against the plaintiff." *Id*. These actions all occurred on August 6, 2013. *Id.* at 2.

APD argues that the basis of Mr. Mohammad's claim is that a citation was issued on August 6, 2013. In his response, however, Mr. Mohammad emphasizes that his concern is that he cannot leave the city of Albuquerque for fear a warrant will be issued for his arrest because there has not been a disposition of his shoplifting charge. Doc. 12 at 1. In either case, the "loss"

suffered by Mr. Mohammad occurred on August 6, 2013, because, according to him, that was the date Officer Vovigio detained and imprisoned him "indefinitely." Doc. 1-1 at 5. Mr. Mohammad filed his complaint on June 1, 2016, more than two years after the date of the occurrence. Consequently, his claims pursuant to the NMTCA against Officer Vovigio are time barred.

Mr. Mohammad's tort claims against Officer Yurcisin do not suffer the same defect. Mr. Mohammad alleges that Yurcisin arrested and detained him on January 10, 2015. Doc. 1-1 at 4. Because Mr. Mohammad filed his complaint on June 1, 2016, his claims come within two years of the date of his arrest and are not barred by the NMTCA's two-year statute of limitations.

### C.  Plaintiff's claims against Officers Vovigio and Yurcisin under § 1983

In addition to his claims under the NMTCA, Mr. Mohammad states that he is raising claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth Amendment rights for unlawful imprisonment and unlawful seizure. Doc. 1-1 at 5. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*.

APD's motion to dismiss only addresses Mr. Mohammad's § 1983 claims against it as a non-suable entity. Doc. 8 at 3–7. Mr. Mohammad alleges, however, that Officers Vovigio and Yurcisin unlawfully detained him—at different times—based on the shoplifting charge, in violation of his Fourth Amendment rights. Doc. 1-1 at 4. Liberally construing Mr.

Mohammad's complaint, his § 1983 claims against Officers Vovigio and Yurcisin remain intact, even though they are not specifically named as defendants in this case.

Under Rule 10, the caption of every pleading must name all of the parties. FED. R. CIV. P. 10(a). Courts may dismiss a complaint for the failure to adhere to the requirements of Rule 10(a). *OTR Drivers v. Frito-Lay*, 988 F.2d 1059, 1060 (10th Cir. 1993). Mr. Mohammad's complaint only names APD as a defendant in the caption. Doc. 1-1. However, in the body of the complaint, Mr. Mohammad raises claims against Officers Vovigio and Yurcisin. *Id*. at 3, 4. "[I]n a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. United States*, 472 F.3d 1242, 1243–44 (10th Cir. 2007). Although Officers Vovigio and Yurcisin were not named as defendants in the caption of Mr. Mohammad's complaint, he raises claims against them in the body of his complaint and, therefore, they should be added as defendants.

### D. Mr. Mohammad's complaint does not violate the Court's order imposing filing restrictions.

APD argues that Mr. Mohammad's complaint should be dismissed for circumventing this Court's prior order imposing filing restrictions. Doc. 8 at 6–7. On May 30, 2014, the Honorable Judith Herrera ordered that Mr. Mohammad was "enjoined from initiating further litigation in this Court . . . unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se* in this Court." *Mohammad v. United States of America*, No. 1:14-cv-00307-JCH-KBM (D.N.M. May 30, 2014) (Doc. 5). Mr. Mohammad did not initiate this litigation in this Court. Instead, he filed his complaint in state court. The defendant brought the case to this Court though the removal process. *See* Doc. 1. The Court's order restricts Mr. Mohammad from **initiating** litigation, not **participating** in

litigation.  Mr. Mohammad did not violate the Court's prior order by filing his complaint in state court.  I do not recommend that Mr. Mohammad's complaint be dismissed on this basis.

### IV.     Recommendation

I recommend that the Court grant APD's motion in part and deny it in part as follows:

1. That the Court dismiss Mr. Mohammad's § 1983 claims against APD with prejudice because APD is not a separate, suable entity under 42 U.S.C. § 1983;

2. That Mr. Mohammad's claims under the NMTCA against APD be dismissed because he failed to comply with the NMTCA's notice provisions;

3. That Mr. Mohammad's claims pursuant to the NMTCA against Officer Vovigio be dismissed with prejudice because they are barred by the statute of limitations; and

4. That the Court direct the Clerk to add Officers Gil Vovigio and Daniel Yurcisin as defendants and amend the caption to reflect this addition.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge