IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KHALID MOHAMMAD,

    Plaintiff,

vs.                                              1:16-cv-00776-JCH-LF

ALBUQUERQUE POLICE DEPARTMENT,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATIONS and DENYING MOTIONS**

THIS MATTER comes before the Court on magistrate judge Laura Fashing's Proposed Findings and Recommended Disposition filed on January 31, 2017 ("PF&RD") (Doc. 20), and on pro se plaintiff Khalid Mohammad's objections to the PF&RD filed February 6, 2017 (Doc. 22), his Motion for Leave to Amend the Complaint, filed January 30, 2017 (Doc. 21), and his Motion for Service by Plaintiff, filed February 13, 2017 (Doc. 24).  Defendant Albuquerque Police Department ("APD") responded to the motion to amend (Doc. 23) but has not filed a response to the motion for service, and none is necessary.  Having reviewed the PF&RD, the submissions of the parties and the relevant law, I find that Mr. Mohammad's objections to the PF&RD are without merit and, therefore, overrule them.  Accordingly, I adopt the recommendations of the magistrate judge.  I further find that Mr. Mohammad's motion to amend is futile and deny it.  I also deny as moot his motion for service.

**I. Mr. Mohammad's Objections to the PF&RD**

    **A. Standard of Review**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  *See* FED. R .CIV. P. 72(b)(1) ("A magistrate judge must promptly conduct the

required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . . The magistrate judge must enter a recommended disposition including, if appropriate, proposed findings of fact."). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3), *see also* 28 U.S.C. § 636(b)(1).

Mr. Mohammad filed timely objections to each of the magistrate judge's recommendations and I will address each one in turn.

### B. Recommendation No. 1

Mr. Mohammad objects to the magistrate judge's recommendation that APD be dismissed as a party because in *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), the Supreme Court held that local governing bodies can be directly sued under 42 U.S.C. § 1983. Doc. 22 at 1. Mr. Mohammad argues that local governing bodies include "municipalities, towns, counties, cities, and entities." *Id*. "Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 690 (emphasis in original). The Supreme Court, however, did not specifically include departments of local governments in its definition of persons to whom § 1983 applies. Rather, *Monell* speaks of "local governing bodies" and "local governments." *Monell*, 436 U.S. at 690–91. A department of a local government is the instrument through

2

which a local governing body executes its governmental functions and is legally no different than the local governing body itself. *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 274 n.1 (10th Cir. 2002) (unpublished). The magistrate judge correctly determined that an administrative department—such as APD—is not a separate, suable entity. *See* Doc. 20 at 4–5 and cases cited therein. Accordingly, Mr. Mohammad's objection to the magistrate judge's first recommendation is overruled, and his § 1983 claims against APD will be dismissed.

### C. Recommendation No. 2

Mr. Mohammad next objects to the magistrate judge's recommendation that his claims against APD under the New Mexico Tort Claims Act ("NMTCA") be dismissed for failure to comply with the notice requirements. Doc. 22 at 2. He contends he complied with these provisions. *Id.* He does not allege, however, that he presented a written notice stating the time, place, and circumstances of his loss or injury within 90 days of the occurrence giving rise to the claim. *See* N.M. STAT. ANN. § 41-4-16(A). While a complaint need not include detailed factual allegations, it must contain at least enough information to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the magistrate judge explained, the Court does not have jurisdiction to consider Mr. Mohammad's claims under the NMTCA because he has failed to allege that he complied with the notice provisions. *See* Doc. 20 at 6.[1]

Mr. Mohammad argues that he has submitted a motion for leave to amend his complaint. Doc. 22 at 2. In his proposed amended complaint, Mr. Mohammad alleges that he submitted a "Citizens Complaint" on August 6, 2013, pursuant to § 41-4-16. Doc. 21 at 5. Mr. Mohammad's proposed amended complaint does not assist him here. APD's motion to dismiss

---

[1] Although the magistrate judge noted that Mr. Mohammad did not assert, or provide any evidence, that he complied with the notice provisions of the NMTCA, (Doc. 20 at 6) at this stage, Mr. Mohammad need only allege that he complied with the notice provisions to defeat a motion to dismiss under FED. R. CIV. P 12(b)(6).

addresses the operative complaint, which does not contain an allegation that he complied with the notice requirements. Further, the Court will deny the motion to amend, as discussed below. *See* § II., *infra*. Mr. Mohammad's objection to the magistrate judge's second recommendation is overruled, and his claims against APD pursuant to the NMTCA will be dismissed.

### D. Recommendation No. 3

Mr. Mohammad objects to the magistrate judge's recommendation to dismiss his claim against Officer Vovigio under the NMTCA. Doc. 22 at 3. The magistrate judge recommended dismissal because Mr. Mohammad's NMTCA claims against Officer Vovigio are barred by the statute of limitations. Doc. 20 at 7–8. Mr. Mohammad again argues that he is a pro se litigant and that he has submitted a motion to amend. Doc. 22 at 3. While a pro se litigant's pleadings are to be construed liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), he cannot revive a claim that he brought beyond the limitations period simply because he is appearing pro se. The limitations period still applies. Further, his motion to amend does not assist him because he continues to allege that the officer's actions that give rise to his claims took place in 2013,[2] more than two years before he filed his original complaint in this case. Mr. Mohammad's objection to the magistrate judge's third recommendation is overruled, and his claims against Officer Vovigio pursuant to the NMTCA will be dismissed.

### E. Recommendation No. 4

Finally, Mr. Mohammad objects to the magistrate judge's recommendation that the clerk of the court add Officers Gil Vovigio and Daniel Yurcisin to the caption of this case. He argues

---

[2] In the "Complaint" section of Mr. Mohammad's proposed amended complaint, he alleges that an APD officer detained him on August 6, 2013. Doc. 21 at 4, 5. In the "Cause of Action" section, Mr. Mohammad alleges that he is suing APD for the officer's actions on May 6, 2013. Doc. 21 at 5, 6. The Court assumes that the May 6, 2013 date is a typographical error. Whether the date was in May or August of 2013, Mr. Mohammad filed his complaint on June 1, 2016, more than two years after the date of the occurrence resulting in his alleged injury.

that the clerk is not a party. Doc. 22 at 3. Mr. Mohammad misunderstands the role of the clerk in these proceedings.

> [A] district court clerk is judicial personnel and is an arm of the court whose duties are ministerial, except for those discretionary duties provided by statute. In the performance of [a] clerk's ministerial functions, the court clerk is subject to the control of the Supreme Court and the supervisory control that it has passed down to the Administrative District Judge in the clerk's administrative district.

*Bishop v. Smith*, 760 F.3d 1070, 1082 (10th Cir. 2014) (quoting *Bishop v. Oklahoma*, 333 F. App'x 361, 365 (10th Cir. 2009)) (brackets in original). The clerk of the court administers case management and the electronic CM/ECF system. The magistrate judge merely intended to recommend that the clerk be directed to modify the caption to clearly reflect the proper defendants. As the magistrate judge discussed, although Mr. Mohammad did not name the officers in the caption, he stated claims against them in the body of his complaint. *See* Doc. 20 at 8–9. The Court may direct the clerk to amend the caption as necessary to reflect the termination and addition of parties as a part of the clerk's ministerial duties. Mr. Mohammad's objection to the magistrate judge's fourth recommendation is overruled.

### II. Mr. Mohammad's Motion to Amend

Mr. Mohammad seeks leave to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Doc. 21. Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should grant leave when justice so requires." FED. R. CIV. P. 15(a)(2). The court may refuse to grant leave to amend where the amendment is futile. *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss, or if it fails to state a claim upon which relief may be granted. *Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir. 1992).

Mr. Mohammad attached his proposed amended complaint to his motion. Doc. 21 at 2–7. The proposed amended complaint fails to state a claim upon which relief may be granted and is, therefore, futile. In his proposed amended complaint, Mr. Mohammad continues to assert claims only against APD. As the magistrate explained—and as I affirmed above—APD is not a suable entity under 42 U.S.C. § 1983. *See* § I. B., *supra*.

Mr. Mohammad's proposed amendments pursuant to the NMTCA also fail because they are brought more than two years after the occurrence that gives rise to his claims. In Mr. Mohammad's proposed amended complaint, he alleges that an unknown APD officer arrested and detained him on August or May of 2013—more than 2 years before he filed his complaint on June 6, 2016. *See* § I. D. n.2, *supra*. Mr. Mohammad's claims are barred by the two-year statute of limitations set forth in N.M. STAT. ANN. § 41-4-15(A). Consequently, Mr. Mohammad's amended claims under the NMTCA would not survive a motion to dismiss and are, therefore, futile.[3]

### III. Mr. Mohammad's Motion for Service

In his motion for service, Mr. Mohammad asks the Court to allow him to serve defendants with "requests for pre-trial discovery and discovery, amended summons and amended complaint." Doc. 24 at 2. First, Mr. Mohammad's request to serve discovery is premature. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or

---

[3] Mr. Mohammad also appears to attempt to bring claims under N.M. STAT. ANN. § 41-13-1 through § 41-13-3, the "Governmental Immunity Act." Doc. 1-1 at 5; Doc. 21 at 2. The Governmental Immunity Act establishes immunity for a governmental entity, a public employee, and immune contractors for damages arising out of a claim "caused directly or indirectly by the failure or malfunction of computer hardware, computer software, microchip controlled firmware or other equipment affected by the failure to accurately or properly process dates or times" and does not apply to the circumstances of this case.

when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1).  To the Court's knowledge, the parties have not held a Rule 26(f) conference, and none of the exceptions apply.  Because the discovery phase of this case has not yet begun, no discovery may be served by any party.  Second, because the Court is denying leave to amend his complaint, there is no need to serve the amended complaint on defendants.  Mr. Mohammad's motion is moot.

Nonetheless, Mr. Mohammad will need to serve the individual officers with the original complaint in this case.  A summons must be served with a copy of the complaint by "[a]ny person who is at least 18 years old and not a party" to the lawsuit.  FED. R. CIV. P. 4(c)(2).  Mr. Mohammad correctly points out that as a party to this lawsuit, he cannot serve the summons and complaint on the officers.  Doc. 24 at 2.  He asks that, due to his indigent status, the Court allow him to serve the defendants.  *Id*.  The Court declines to allow Mr. Mohammad to violate Rule 4 by serving defendants himself; however, Mr. Mohammad may apply to proceed without prepaying the filing fees and costs.  If his application is approved, the Court will arrange for the summons and complaint to be served on the individual defendants.

IT IS THEREFORE ORDERED that Mr. Mohammad's objections to the magistrate judge's PF&RD (Doc. 22) are overruled, and Defendant Albuquerque Police Department's motion to dismiss (Doc. 8) is granted in part and denied in part as follows:

1. Mr. Mohammad's § 1983 claims against APD are dismissed with prejudice;
2. Mr. Mohammad's claims pursuant to the NMTCA against APD are dismissed with prejudice;
3. Mr. Mohammad's claims pursuant to the NMTCA against Officer Vovigio are dismissed with prejudice;

4.  The Clerk of the Court is directed to add Officers Gil Vovigio and Daniel Yurcisin as defendants and amend the caption to reflect the correct parties.

IT IS FURTHER ORDERED that Mr. Mohammad's Motion for Leave to Amend the Complaint (Doc. 21) is denied;

IT IS FURTHER ORDERED that Mr. Mohammad's Motion for Service by Plaintiff, (Doc. 24) is denied as moot. The Clerk of the Court is directed to mail Mr. Mohammad an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." Mr. Mohammad must return the application no later than 21 days from the date of this order.

_____
Judith C. Herrera
United States District Court Judge